FILED
JUN 2 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUBEN SANTOS,<br><br>　　　　　Defendant. | Mag. Case No. 08cr2018-BTM<br>　　　　　　　　08mj1755-LSP<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

　　　In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was scheduled for June 12, 2008, to determine whether defendant RUBEN SANTOS ("Defendant") should be held in custody pending trial and, if convicted, sentencing on the above-captioned matter. Assistant United States Attorney Michael J. Crowley appeared on behalf of the United States; Attorney Victor Torres, Esq. appeared on behalf of the Defendant.

　　　At the hearing on June 12, 2008, the Court found that (1) Defendant posed a danger to the community sufficient to warrant his detention, and (2) Defendant was a flight risk and did not overcome the presumption of detention. The Court orders that Defendant be detained pending trial, and if convicted, sentencing in these matters, without prejudice or waiver of the Defendant's right to later apply for bail and conditions of release, and without prejudice or a waiver of the right of the United States to seek detention in the event of an application by Defendant for such relief.

I

FINDINGS OF FACT

A.   Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(g)(1))

   1.   The Defendant is charged in an complaint with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).

   2.   The complaint alleges that the conspiracy involved 50 grams or more of methamphetamine, thus triggering a ten-year mandatory minimum pursuant to 21 U.S.C. 21 U.S.C. § 841(b)(1)(A)(viii). Based upon Defendant's criminal history, this case involves a potential mandatory minimum sentence of life in custody.

B.   Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))

   1.   While the weight of the evidence is the least important factor of all of the factors that the Court considers in deciding whether a defendant should be detained without bail, there is strong evidence that the Defendant conspired with others to distribute methamphetamine.

   2.   As alleged in the complaint, and proffered by the Government, Defendant was involved in a half-pound methamphetamine deal in which Defendant was the source for the methamphetamine. Defendant was surveilled meeting with co-defendant Marco Corrado in order to allegedly deliver the methamphetamine to Corrado. Santos was subsequently stopped by police and money used by a confidential informant to purchase methamphetamine (identified by serial number) was seized from Santos by the police. Santos has repeatedly confirmed that the seized money was his property through requests for the return of the money. Corrado was subsequently recorded in an apartment used by a confidential informant as he provided the informant and others with the methamphetamine.

C.   History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))

   1.   Defendant is a United States citizen. Defendant has a significant criminal record, including several parole/probation violations. Defendant is a member of a San Diego street gang. Evidence has been proffered that Defendant is also an associate of the Mexican Mafia prison gang.

2.  Defendant has two prior drug felonies as well as two prior felony convictions for illegal possession of a firearm. In addition, Defendant has two convictions for evading the police.

3.  Evidence was proffered that Defendant is employed. No evidence was proffered that Defendant owns any property in the United States. Defendant is from the San Diego area and has spent most of his life in the San Diego area

D.  <u>Seriousness of the Offense and Danger to the Community (18 U.S.C. § 3142(g)(4))</u>

1.  Defendant is charged with conspiring with others to distribute a large amount of methamphetamine, a dangerous and highly addictive controlled substance. In addition, the Government has proffered evidence that Defendant is both a street gang member and an associate of the Mexican Mafia, and that Defendant has a criminal history that includes both firearms convictions and drug convictions.

II

<u>REASONS FOR DETENTION</u>

1.  There is probable cause to believe that Defendant committed the offense charged in the complaint. Under 18 U.S.C. § 3142(e), there is a rebuttable presumption of detention because Defendant is charged with conspiracy to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 846 and 841(a)(1).

2.  Defendant faces a potential mandatory life sentence if convicted of the offense charged in the complaint and, therefore, the Defendant has a strong incentive to flee from the United States. As a result, Defendant has not overcome the presumption of detention.

3.  In addition, Defendant is charged with conspiring to distribute a significant amount of methamphetamine, which is a crime of violence for the purposes of the Bail Reform Act. Given Defendant's criminal history, including his prior firearms convictions, and his alleged commission of a crime of violence in this case, the Government has established by clear and convincing evidence that Defendant poses a danger to the community.

## III

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial and, if convicted, sentencing in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

This order is made without prejudice to modification by this Court and without prejudice to the Defendant's exercise of his right to bail and a detention hearing at a future date.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: June 24, 2008

HONORABLE LEO S. PAPAS
United States Magistrate Judge

Prepared by:

MICHAEL J. CROWLEY
Assistant U.S. Attorney